EBENEZER M. STAPLES and others, *vs.* JESSE W. PEABODY.

Hancock.　　Opinion March 12, 1891.

*Fish. Lobsters. Fish and Game Warden. Repeal. St. 1887, c. 144, § 6; 1889, c. 292, § 5.*

Section 6, c. 144, Statute of 1887 is repealed by Statute of 1889, c. 292 § 5. The defendant, a fish and game warden, seized and sold several barrels of lobsters belonging to the plaintiffs, each barrel containing some short lobsters, and which he claimed it was his duty to liberate as provided by Statute of 1889, c. 292, § 5. In an action of trespass the defendant justified the taking and selling of the lobsters of lawful length, legally taken, under the Statute of 1887, c. 144, § 6. *Held:* that the last-named statute had been repealed, and, therefore, was not a justification.

ON REPORT.

This was an action of trespass *de bonis* against the defendant, who justifies the taking as a fish warden.

The plaintiffs introduced testimony tending to show that, on the day alleged in the writ, they were the owners and possessors of the lobsters sued for, which were alive; and that the defendant,

at the time and place set forth, seized them, and sold them without notice to the plaintiffs; and that they have been deprived of them and all benefit from them.

The defendant introduced testimony tending to show that, at the time of the alleged seizure, he was a fish and game warden, legally appointed and qualified; that thirteen of the barrels mentioned in the writ were marked in the name of W. W. Staples, nine in the name of E. M. Staples and six in the name of C. W. Stockbridge; that upon examination of the lobsters contained in the barrels mentioned, he found in each and every barrel some lobsters less than ten and one half inches in length, measured as the law provides, and others of the length prescribed by law, not being female lobsters in spawn or with eggs attached, with the exception of one lobster in spawn or with eggs attached; that these lobsters were in transit from Swan's Island, Maine, to Boston, having been shipped by the plaintiffs in the season for legal shipping for lobsters; that thereupon he liberated alive all the short lobsters so found by him, and, no owner thereof appearing within twenty-four hours, after the expiration of twenty-four hours, he sold, at private sale, all of such lobsters found in said barrels, which were of a length more than ten and one half inches, measured in the manner prescribed by law; and caused the proceeds of said sale to be paid to Knox County where such seizure and sale was made by him.

*C. E. Littlefield*, for defendant.

Counsel argued that the statute, under which defendant justified, was constitutional. Forfeiture not a judicial, but a ministerial proceeding, and notice of sale not necessary. *Blazier* v. *Miller*, 10 Hun, 437; *Bouton* v. *Neilson*, 3 John. 474. Case distinguishable from *Dunn* v. *Burleigh*, 62 Maine, 24. Warden has no discretion. Lobsters when seized were a public nuisance; not necessary for statute to so designate them when having all the essential elements of a nuisance. They were seized while the prohibited act was being committed with them. *Lawton* v. *Steele*, 6 N. Y. S. 15. Plaintiffs' property not an absolute but qualified and limited right; divested by violating the conditions under which they held it. Can not

maintain this action because they have mingled lobsters, other-wise properly held, with those of forbidden length and thereby lost their right of property. The state which gave them the property can withdraw it when they use it unlawfully.

*J. O. Robinson* and *J. F. Libby*, for plaintiffs.

It does not appear, and it is not alleged that there was no intent of plaintiffs to liberate the lobsters alive. *State* v. *Bennett*, 79 Maine, 55 ; *Thompson* v. *Smith*, *Id.* 160. Defendant had no right under Statute of 1889, to retain and sell those of legal length. It gives no direction for their seizure, and § 6, c. 144, Statute of 1887, relating to their forfeiture, was repealed by implication. *Knight* v. *R. R.* 67 Maine, p. 293 ; *Smith* v. *Sullivan*, 71 *Id.* p. 153 ; *Com.* v. *Kelliher*, 12 Allen, p. 482. If Statute of 1887 is in force, as concerns lobsters of legal length, that provision is unconstitutional. It deprives plaintiffs of property without notice, hearing or adjudication. Forfeiture without any process of law, and without regard to the "law of the land." *Davidson* v. *New Orleans*, 95 U. S. 97 ; *Murray's Lessee* v. *Hoboken, &c. Co.* 18 How. 276 ; *Green* v. *Briggs*, 1 Curt. C. C. 311 ; *Stuart* v. *Palmer*, 74 N. Y. 191 ; *Lowry* v. *Rainwater*, 70 Mo. 152 (S. C. 55 Am. Rep. 420) ; *Varden* v. *Mount*, 78 Ky. 86 (S. C. Am. Rep. 208) ; Cooley's Con. Lim. 362 ; *King* v. *Hayes*, 80 Maine, 206.

LIBBEY, J. This is trespass against the defendant for taking and selling twenty-eight barrels of lobsters. The title of the plaintiffs is not questioned ; but the defendant admitting the taking and conversion, claims to justify as a fish and game warden ; that he made the seizure as such on the ground that there were some short lobsters in each barrel which it was his duty to liberate as provided in Act of 1889, c. 292, § 5. He justifies the taking and selling of the lobsters of lawful length, legally taken, by virtue of Act of 1887, c. 144, § 6.

Two objections are made to the validity of the defendant's justification. 1, That § 6 of the Act of 1887 was repealed by the Act of 1889, above cited. 2, If not repealed, section 6 of the Act of 1887 is unconstitutional.

VOL. LXXXIII.      14

Upon the first point the settled rule of construction of statutes as to repeal by implication is, an existing statute may be repealed in this way on two grounds; "where the latter one covers the whole subject-matter of the former, especially when additional remedies are added, and when the latter one is inconsistent with or repugnant to the former." *Smith* v. *Sullivan*, 71 Maine, 150 and cases cited.

Applying these rules to the case at bar, we think it clear that the statutory provision under which the defendant claims to justify was repealed by the Act of 1889. The Act of 1887 is entitled, "An Act for the better protection of the Lobster Fisheries." It takes the place of the provisions of R. S., c. 40, upon the same subject. The Act of 1889 is entitled, "An Act for the regulation of the Lobster Fisheries." It embraces the same subject-matter as the Act of 1887. It omits some of the provisions of that Act, and adds some new provisions. The Act of 1887 establishes a close-time for taking lobsters from the first day of August to the fifteenth day of September. The Act of 1889 omits that provision. The first Act makes it unlawful to buy, sell, expose for sale, or possess any lobsters less than ten and one half inches in length, measured as therein provided, during the year. The second Act contains the same inhibition from the first day of July to the next May, but makes it lawful to catch, buy, sell or expose for sale, or possess for any purpose lobsters nine inches and more in length, during May and June.

Section six of the first Act, under which the defendant claims to justify provides, that "in case of seizure, by any duly authorized officer, of any barrels, boxes, or other packages in transit, containing lobsters less than the prescribed limit in length, such lobsters as are alive and less than the prescribed limit shall be liberated, and all such lobsters as are of the prescribed length found in such barrels, boxes or packages, in the season for legal fishing for lobsters, shall be forfeited, and sold by the officer making the seizure thereof, at such time and in such manner as shall by him be deemed proper;" but gives to the owner the right to appear within twenty-four hours from the time of seizure and redeem them by paying to the officer a

fine of one dollar for each lobster less than the prescribed length.

Section five of the second Act is as follows: "All barrels, boxes or other packages in transit containing lobsters shall be marked with the full name of the shipper, and in case of seizure by any duly authorized officer of any barrels, boxes or other packages, in transit containing lobsters, which are not marked by the full name of the shipper, or in case of seizure by such officer, of barrels, boxes or other packages in transit, containing lobsters of less than the required length, such lobsters as are alive and less than the prescribed length shall be liberated."

It will be seen that section five in the Act of 1889 covers the same subject-matter embraced in section six of the Act of 1887, omitting the provision for the forfeiture of the lobsters of the required length, and embracing the new requirement of marking the barrels, boxes, &c., by the name of the shipper. We think this must be taken as the last declaration of the will of the legislature.

The same rule of construction is declared by the court of Massachusetts, in *Commonwealth* v. *Kelliher*, 12 Allen, 480.

This determination of the first point, in contention against the defendant, renders it unnecessary to consider the second.

*Defendant defaulted. Damages to be assessed at Nisi Prius.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.